## J. A. HUBBARD v. W. E. COWAN.

PRACTICE, SUPREME COURT; *To Review Alleged Errors, Record Must be Full and Complete.* H. was declared elected to the office of county commissioner for one of the districts of Cherokee county. C. contested his election before a court of contest of that county, and on the trial thereof, the court of contest decided in favor of C. the contestant, and against H. the contestee. Afterward H. attempted to have the proceedings of the court reviewed by proceedings in error in the district court of said county. The district court affirmed the judgment of the court of contest. H. brings the case to the supreme court on error, to reverse the action of the district court, but fails to show *by the record* that any petition in error was filed in the district court, and there is nothing in the record to inform this court upon what assignments of error, if any, the district court acted. *Held,* that the supreme court cannot adjudge that the district court committed error in the case.

### *Error from Cherokee District Court.*

HUBBARD, as plaintiff in error, brings this case here. All necessary facts and proceedings are sufficiently stated in the subjoined opinion.

*John N. Ritter,* for plaintiff in error.

*Hallowell & Anderson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: At the election held on November 2d 1875, J. A. Hubbard and W. E. Cowan were candidates for the office of county commissioner for the third district in Cherokee county. Hubbard was declared elected, and Cowan contested the election. Upon a trial before the probate judge and two disinterested persons, constituting a court for the trial of said contest, judgment was rendered in favor of Cowan, contestant, and against Hubbard, the contestee. From this judgment, we suppose from the briefs filed, and from the record presented, that an attempt was made in the district court, at the April term 1876, to review the proceedings

of said court of contest on the application of Hubbard. In what manner this review was attempted, or upon what grounds, if any, the action of the court of contest was challenged, we are not informed, and cannot ascertain from the record. There is nothing before us to show that any petition in error was ever filed in the district court. A copy of the proceedings of the court of contest seems to have been filed in the district court, and the latter court seems to have affirmed the proceedings of that court; but no application or petition in error filed or presented to the district court is preserved in the record, and if any was filed it has been omitted from the proceedings certified to us. An attempt is now made by Hubbard to have the action of the district court reviewed and its judgment reversed. Unfortunately for the plaintiff in error, we have nothing here to warrant us to interfere in the case. We cannot tell upon what the district court acted, if the record brought to us is not complete. If it is complete, as the clerk of the district court certifies, then as the attention of the district court was not called to any alleged errors in the court of contest by any petition in error, and as no proper proceedings were filed to review the judgment of that court, the district court committed no error prejudicial to said plaintiff in error in affirming its action. Upon the record presented to us, of necessity the judgment of the district court must be affirmed.

All the Justices concurring.